UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— X

SCOTT SCHLESINGER and ANN
MARIE SANTARSERI,

                 Plaintiffs,

      v.

EVAN KARRAS, ALPHA GENERAL
CARPENTRY, INC., and HAMPTON
CONSTRUCTION AND
MAINTENANCE LLC,

                 Defendants.

——————————————————— X

**REPORT &
RECOMMENDATION**

23-cv-9362 (DG) (LKE)

**LARA K. ESHKENAZI**, United States Magistrate Judge:

Before the Court is the motion of Scott Schlesinger and Ann Marie Santarseri ("Plaintiffs")

for default judgment against Defendant Hampton Construction and Maintenance LLC ("Hampton"

or "Defendant"). For the reasons set forth below, the Court respectfully recommends that the

motion be denied and the claims against Hampton be dismissed without prejudice. The Court

further recommends that Plaintiffs be given 30 days to replead if they can address the issues

identified below.

I.     **BACKGROUND**

    A.    **Facts**

Plaintiffs allege that Defendant "was engaged" to install the roof of their vacation home

(the "Property") on Shelter Island. (Am. Compl. ¶¶ 1-2, ECF 20.)[1] Plaintiffs entered into a contract

---

[1] The Court notes that the allegations in the Amended Complaint are unclear as to who retained Hampton, Plaintiffs or the general contractor. (*See* Am. Compl. ¶¶ 2-3, 48 (alleging that Hampton "was engaged" to install the roof, but not specifying who engaged Hampton.)) While Plaintiffs' memorandum of law states that "Plaintiffs entered into a

with a general contractor to begin construction on the Property in May of 2015. (*Id.* ¶ 13.) Plaintiffs allege that Hampton failed to properly install ridge vents on the roof of the home as required by the project specifications and plans, causing premature aging and curling of the roof shingles. (*Id.* ¶¶ 48-49.) When informed of its defective work, Plaintiffs allege that Hampton refused to correct the roof or perform any repairs. (*Id.* ¶ 50.) Plaintiffs further allege that the roof was found to be defective and needed to be replaced for a cost of $160,000.00. (*Id.* ¶ 51.)

**B.      Procedural History**

Plaintiffs commenced this action by filing their Complaint on December 20, 2023. (Compl., ECF 1.) Initially, the Complaint did not name Hampton as a defendant. (*See id.*) On June 4, 2024, Plaintiffs filed the Amended Complaint, adding claims of negligence and negligent construction against Hampton. (Am. Compl.; Mem. L. 1, ECF 38-1.) Hampton was served with the Summons and Amended Complaint on June 5, 2024. (Decl. Skolnick Ex. 3, ECF 38-8.) Hampton did not answer or otherwise respond to the Amended Complaint. On August 7, 2024, the Clerk of Court entered a Certificate of Default as to Hampton. (Clerk's Cert. of Default, ECF 29.)

Plaintiffs initially submitted a Motion for Default Judgment on December 16, 2024. (Mot. for Default J., ECF 34.) At the direction of the Court, Plaintiffs withdrew the motion and refiled it in accordance with Local Rules 7.1 and 55.2 on May 8, 2025, and the Honorable Diane Gujarati referred the motion to the undersigned for a report and recommendation. (Apr. 14, 2025, Order; Letter Withdrawing Mot., ECF 37; Mot. for Default J., ECF 38; May 9, 2025, Order.) This Court ordered Plaintiffs to show cause as to Hampton's citizenship on December 9, 2025. (Dec. 9, 2025,

---

contract with Hampton to install the roof," (Mem. L. 4, ECF 38-1), the citation in support of that assertion is the declaration of Mr. Schlesinger, which again, merely states that Hampton "was engaged to install the roof." (Decl. Schlesinger ¶ 7, ECF 38-2.) Notably, the Amended Complaint does not assert a breach of contract claim against Hampton, which leads this Court to infer that Plaintiffs did not have a contract with Hampton.

Order to Show Cause.) Plaintiffs submitted an Affidavit in response on December 16, 2025. (Aff. In Resp. to Ct.-Initiated OTSC ("Aff. in Resp."), ECF 39.)

## II.    DISCUSSION

### A.    Jurisdiction and Venue

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000… and is between… citizens of different states." 28 U.S.C. § 1332(a). Here, the Court has original jurisdiction over this action because the amount in controversy exceeds $75,000 and this action is between citizens of different states. 28 U.S.C § 1332(a)(1). Plaintiffs are citizens of New Jersey. (Am. Compl. ¶ 7.) "In general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 481 (W.D.N.Y. 2018) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016)). Defendant Hampton is a limited liability company ("LLC"), and Plaintiffs allege that it is "organized and existing under the laws of the State of New York[.]" (Am. Compl. ¶ 11.) Plaintiffs further allege that the sole member of Hampton, Ricardo Adrian Presido, is a resident of New York. (Aff. In Resp. ¶¶ 4-5.) Plaintiffs seek damages exceeding $75,000. (Am. Compl. ¶¶ 4; (a)-(h).) Thus, Plaintiffs satisfy the requirements for subject matter jurisdiction.

"For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora LLC v. Valencia*, No. 19-cv-4147 (NGG) (RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *R. & R. adopted*, 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020). Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporate defendant must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual[.]" Fed. R. Civ. P. 4(h)(1)(A). Moreover, under subsection (B),

3

the summons and complaint may be served by delivering a copy to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id.* 4(h)(1)(B). Rule 4(e)(1) states that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *Id.* 4(e)(1).

The New York Business Corporation Law ("NYBCL") mandates that "[t]he secretary of state shall be the agent of every domestic corporation and every authorized foreign corporation upon whom process against the corporation may be served." N.Y. Bus. Corp. Law § 304(a). Indeed, "[n]o domestic or foreign corporation may be formed or authorized to do business in this state under this chapter unless in its certificate of incorporation or application for authority it designates the secretary of state as such agent." *Id.* § 304(b). Lastly, NYBCL section 306 provides that:

> Service of process on the secretary of state as agent of a domestic … corporation shall be made … [by] [p]ersonally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee…. Service of process on such corporation shall be complete when the secretary of state is so served.

*Id.* § 306(b)(1).

Here, Plaintiff has properly served Defendant in this action. Hampton is a New York LLC, so service of process of the Summons and Complaint upon the New York Secretary of State constitutes proper service on Hampton. (Aff. In Resp. ¶¶ 4-5.) On June 5, 2024, process server Angela Roy delivered and left two copies of the Summons and Complaint, along with the statutory fee, with Nancy Dougherty, the Business Document Specialist in the Office of the Secretary of

State of New York. (Decl. Skolnick Ex. 3.) Ms. Dougherty was served at the Office of the Secretary. (*Id.*) Plaintiffs subsequently filed the proof of service with the Court along with their Motion for Default Judgment on May 8, 2025. (*Id.*)

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporate defendant is deemed to be a resident of "any district" in "a [s]tate which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced." *Id.* § 1391(d). As alleged, Hampton is a New York LLC whose sole member resides in Hampton Bays, New York. (Aff. In Resp. ¶¶ 3-7.) Therefore, venue in the Eastern District of New York is proper. *See* 28 U.S.C. § 1391(b)(1).

### B.  Default Judgment Standard

Under Rule 55 of the Federal Rules of Civil Procedure, there are two steps to entering a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of the Court enters a defendant's default, the court may enter a default judgment. *See* Fed R. Civ. P. 55(b).

Whether or not a default judgment is issued is within the discretion of the court. When evaluating a plaintiff's application for a default judgment, "a court is required to accept all … factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v.*

*Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *La Barbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see TAGC Mgmt., LLC v. Lehman*, *Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

"Default judgments are generally disfavored and are reserved for rare occasions." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp.*, 10 F.3d at 96) (citation and internal quotation marks omitted). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] ... delay and clog its calendar," it has held that a district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil Corp.*, 10 F.3d at 96. Thus, considering the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *See id.* at 95. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because defendants are in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

"In determining whether to enter a default judgment, the Court is guided by the same factors that apply to a motion to set aside entry of a default." *Double Green Produce, Inc. v. Forum Supermarket Inc.*, No. 18-cv-2660 (MKB) (SJB), 2019 WL 1387538, at *2 (E.D.N.Y. Jan. 29, 2019) (citing *Enron Oil Corp.*, 10 F.3d at 96; *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167,

6

170-71 (2d Cir. 2001)). "These factors are 1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-cv-9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)) (internal quotation marks omitted).

As to the first factor, "a defendant's nonappearance and failure to respond sufficiently demonstrates willfulness." *Luna v. Gon Way Constr., Inc.*, No. 16-cv-1411 (ARR) (VMS), 2017 WL 835321, at *4 (E.D.N.Y. Feb. 14, 2017) (collecting cases), *R. & R. adopted*, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017). Here, Hampton has not filed an answer or otherwise responded to the Complaint at any point. Accordingly, Hampton's willful non-engagement and failure to answer or otherwise participate sufficiently demonstrates willfulness. *See Traffic Sports USA v. Modelos Restaurante, Inc.*, No. 11-cv-1454 (ADS) (AKT), 2012 WL 3637585, at *2 (E.D.N.Y. Aug. 1, 2012), *R. & R. adopted*, 2012 WL 3626824 (E.D.N.Y. Aug. 22, 2012) (finding the defendant's failure to respond "in any way" to the Complaint, combined with the affidavits demonstrating proper service, confirmed beyond "any doubt" that the defendant's failure to respond was willful).

Turning to the second factor, Defendant's failure to appear in this action has left the Court unable to assess whether it has a meritorious defense. "Where a defendant fails to answer the complaint, courts are unable to make a determination whether the defendant has a meritorious defense to the plaintiff's allegations[.]" *See Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 143 (E.D.N.Y. 2013). Therefore, this factor weighs in favor of granting a default judgment against Hampton.

Finally, with respect to the third factor, Plaintiff will be prejudiced if the motion for default judgment is denied because "[w]ithout the entry of a default judgment, Plaintiffs would be unable

7

to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-cv-5721 (MKB) (SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-cv-946 (JS) (AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)). Accordingly, the Court recommends finding that Hampton's failure to sufficiently appear in this matter constitutes an admission of the factual allegations in the Amended Complaint.

### C.    Liability: Negligence and Negligent Construction Claims

Plaintiffs allege that Defendant negligently installed their roof, causing damages.[2] (Am. Compl. ¶¶ 85-93.) To succeed on a claim of negligence under New York law, a plaintiff must plead (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury "substantially caused" by that breach. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). As a threshold matter, "[a] simple breach of contract is not to be considered a tort unless a duty independent of the contract itself has been violated." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 529 (S.D.N.Y. 2012) (quoting *Macmillan, Inc. v. Fed. Ins. Co.*, 764 F. Supp. 38, 41 (S.D.N.Y. 1991)); *see also Sommer v. Fed. Signal Corp.*, 593 N.E.2d 1365 (N.Y. 1992) (merely alleging that the breach of a contract duty arose form a lack of due care will not transform a simple breach of contract into a tort).

Although some "courts have found that a contractor owes a common law tort duty to perform a contract non-negligently," this duty generally applies in circumstances in which "the

---

[2] In the Amended Complaint, Plaintiffs assert two claims against Defendant: negligence (Am. Compl. ¶¶ 85-90), and negligent construction (*id.* ¶¶ 91-93). Plaintiffs' Memorandum of Law, however, does not adequately address any claims of negligence and instead references only a claim for breach of contract. (Mem. L. 1, 3-5 (stating only that "Hampton's negligence caused Plaintiffs['] damages," and otherwise arguing that they should be awarded damages for breach of contract).) At the default judgment stage, it is the allegations in the Complaint that are taken as true. *See Finkel*, 577 F.3d at 84. The Court cannot consider entering a default judgment against Defendant on a claim that has not been alleged in the operative pleading. As such, this Court will address only Plaintiffs' negligence claims alleged in their Amended Complaint.

breach of [the contractor's] duties could have catastrophic consequences." *Hartford Fire Ins. Co. v. Atl. Handling Sys., LLC*, No. 09-cv-4127 (RRM) (ALC), 2011 WL 4463338, at \*5-6 (E.D.N.Y. Sept. 26, 2011) (citing *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 17 (2d Cir. 2000) (engineers owed professional duty to complete work with reasonable care)); *Sommer*, 593 N.E.2d at 1370 (fire alarm company could be liable in tort for conduct leading to delay in fire department response to fire); *Syracuse Cablesystems, Inc. v. Niagara Mohawk Power Co.,* 578 N.Y.S.2d 770, 772–73 (N.Y. App. Div. 1991) (negligent operation of power transformer led to explosion and PCB contamination). This duty only applies to the "limited class of cases in which a strong public interest in the careful performance of particular contractual obligations may give rise to a tort duty of due care." *Hartford Fire Ins. Co.*, 2011 WL 4463338, at \*5 (quoting *Pfizer, Inc. v. Stryker Corp.,* No. 02-cv-8613 (LAK), 2003 WL 21660339, at \*2 (S.D.N.Y. July 15, 2003)); *see also Sommer*, 593 N.E.2d at 1370 (finding a duty of care where the failure of a fire alarm company "to perform [their] service carefully and competently" led to a delay in addressing a fire on the 28th floor of a skyscraper).

Here Plaintiffs allege that "Defendant Hampton owed a duty to [Plaintiffs] to perform the construction work in a good and workmanlike manner with respect to all aspects of the work which it agreed to do on the project" and that "Hampton did not provide construction services for the Premises in a good and workmanlike manner, and instead carelessly and negligently performed the services required of Hampton *under the Contract*." (Am. Compl. ¶¶ 86, 92 (emphasis added).) Plaintiffs further allege that "Hampton . .. owed [Plaintiffs] a duty to perform the work consistently and in accordance with the construction codes and proper practices and standards of the industry." (*Id.* ¶ 87.) Even assuming Plaintiffs allegations are sufficient to allege that they had a contract with Hampton, Plaintiffs' allegations fail to establish an independent duty of care owed by Hampton to

9

Plaintiffs. While Plaintiffs' sixth and seventh causes of action allege that the Plaintiffs "have been damaged" by Hampton's negligence and negligent construction, the Amended Complaint does not contain any allegations suggesting the existence of the type of public interest or potential catastrophic consequences necessary to allege a duty of care independent of any contractual obligations Hampton may have had to Plaintiffs. (*Id.* ¶¶ 90, 93); *see also Sommer*, 593 N.E.2d at 1365, 1370.

To the extent Plaintiffs attempt to claim a duty of care from "construction codes and proper practices and standards of the industry," Plaintiffs neither cite the applicable codes and practices, nor what they require. (*See generally* Am. Compl.). Indeed, Plaintiffs do not assert any facts in their Amended Complaint explicitly alleging that Hampton's work was inconsistent with the provisions of any applicable building codes. (*See id.*) Moreover, Plaintiffs offer no allegations to support a finding that these codes create a duty existing outside of the contractual relationship formed between Plaintiffs and Hampton. (Am. Compl. ¶ 87.) Again, "a simple breach of contract is not to be considered a tort unless a duty independent of the contract itself has been violated." *Ross v. FSG PrivatAir Inc.*, No. 03-cv-7292, 2004 WL 1837366, at *6 (S.D.N.Y. Aug. 17, 2004); *see also Lenard*, 889 F. Supp. 2d at 529. For this reason, the Court respectfully recommends finding that Plaintiffs have failed to establish liability against Hampton and denying entry of a default judgment.

## III.   **CONCLUSION**

Based on the foregoing, this Court respectfully recommends that Plaintiffs' motion for default judgment be denied and that Plaintiffs' claims against Hampton be dismissed without prejudice. The Court further recommends that Plaintiffs be given 30 days to replead it they can address the issues discussed above.

A copy of this Report and Recommendation is being served on Plaintiffs and Defendants Evan Karras and Alpha General Carpentry, Inc. via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendant Hampton at the following address forthwith: 99 Washington Avenue, Albany, NY 12231. Plaintiff is also directed to mail a copy of this Report and Recommendation to Defendant Hampton and to file proof of service of mailing by January 16, 2026.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Diane Gujarati. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd*., 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
January 12, 2026

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
United States Magistrate Judge

11